McKinney, J.,
delivered the opinion of the Court.
This was an action of ejectment brought by Mary Henderson, in her life-time, against the present plain *633 tiffs in error. The plaintiff died pending the suit, and it was revived in the names of her heirs at law.
The parties each claimed the land sued for in this action, under different grants, between which there was a conflict. The grant to Thomas Henderson, under which the plaintiff derived title, bears date the 19th of September, 1826. The defendants claimed under a prior grant to Peter Sampsel, bearing date the 29th August, 1824. The younger grant to Henderson covered, in part, the same land embraced in the grant to Sampsel. In 1826, Thomas Henderson, the younger grantee, entered upon and took actual possession, by clearing and fencing a field of several acres, of a part of the land covered by both grants; and he, and those claiming under him, have had an unbroken possession of this enclosure ever since, claiming, under the aforesaid grant, adversely to all other persons. The elder grantee, Sampsel, and those deriving title under him, never had actual possession of any part of the land covered by both grants. The defendants proved, however, that perhaps about the year 1840, one Hicks, who claimed under Sampsel, had cut wood and burned several “coal-pits ” on that part of the land; and that for a period of about thirty years past, those claiming under Sampsel, were also in the habit, occasionally, of cutting “ firewood,” on that part of the land.
The plaintiffs’ recovered, and the case is brought to this Court by an appeal in error.
The jury were instructed in accordance with the principle declared in the case of Waddle vs. Stewart, 4 Sneed, 534, 542, that an exclusive adverse possession for the period of seven years, within the limits of the inter *634 ference by the younger grantee, would vest him with an indefeasible title in fee simple, co-extensive with the boundaries of his grant; and operate as an extinguishment, pro tanto, of the elder and previous superior title.
But it is argued for the plaintiff in error, that an entry upon the land, covered by both grants, by the party having the elder and better title, within the period of seven years from the commencement of the adverse possession under the younger grant, will have the effect to neutralize such adverse possession, and arrest the running of the statute of limitations.
We are not prepared to assent to the correctness of this proposition, in its full extent. We are of the opinion, as stated in Norvell vs. Gray’s lessee, 1 Swan’s Rep., 96, 107, that a peaceable entry, in such case, by the rightful owner, would give him a legal seizin of all the land within the interference of which the younger grantee, or wrongful possessor had not previously acquired the actual possession by enclosure, or other erections. But such entry would be no ouster of the actual possession of the wrongdoer, and could not, therefore, have the effect to neutralize the adverse possession, or to suspend the running of the statute, as to the part of the land actually occupied by the wrongdoer. This effect, under the statute, could only be produced by a suit at law or in equity, effectully prosecuted. As far, however, as there was no actual adverse possession, the law would adjudge the possession to be in the party having the title, both parties having actual possession.
But the more important question, and the one upon which the present case turns, is, in regard to the kind of possession that will be sufficient to neutralize a wrong *635 ful adverse possession. The counsel for the plaintiff in error insists, that an actual possession, by occupancy, cultivation, or residence, is not necessary. That such visible and notorious acts of ownership, as are generally exercised over property by the rightful owner of the soil, will he sufficient to countervail such adverse possession by a trespasser. This reasoning is plausible, and not without authority to support it; but it is not sanctioned by the course of judicial opinion in this State.
In reason, it would seem, that the possession necessary to neutralize an actual adverse possession, ought to be similar in character, and equivalent in force, with the possession, the legal effect of which is sought to be thereby destroyed. And, accordingly, by the course of decision with us, the exercise of dominion, by repeated, disconnected acts of ownership, is not sufficient. Such acts are equivocal. They furnish no certain indication of the assertion of claim as rightful owner, and are often, in fact, done by mere naked trespassers. The countervailing possession, to be effectual, must be an actual, visible possession, by enclosures, occupation or residence; or, in other words, a like kind, in legal effect, with that sought to be defeated. In determining what is an actual possession, reference must, of course, be had to the nature and situation of the property, the uses to which it is adapted, and the sort of possession of which it is susceptible. There may be, in law, an actual possession, or what is regarded as equivalent, without actual occupation, if the property, from its situation and nature, be not suited to the ordinary purposes of cultivation, or permanent improvement or enjoyment. See *636 West vs. Lanier, 9 Humph., 762; Angell on Lim., ch. 31.
It follows, that the acts of ownership relied upon by the plaintiff in error, to neutralize the adverse possession on the other side, are unavailing for that purpose.
Judgment affirmed.