# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
June 20, 2000 Session

## STATE OF TENNESSEE v. JEFFREY ANTWON BURNS

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-298-70     Timothy L. Easter, Trial Judge**

_____

**No. M1999-01830-CCA-R3-CD - Filed October 13, 2000**

_____

The defendant, convicted of one count of sale of a counterfeit controlled substance, appeals his conviction and sentence asserting that: (1) the evidence was insufficient to support the verdict and  (2) the trial court erred in sentencing him to one and one-half years of incarceration.  We affirm the conviction and hold that while the defendant did not utter a single word during this drug transaction, sufficient circumstantial evidence existed to allow the jury to conclude that the defendant intended to sell a counterfeit controlled substance.  Further, we affirm the sentence as imposed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ. joined.

J. Timothy Street, Franklin, Tennessee, for the appellant, Jeffrey Antwon Burns.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General;  Ronald L. Davis, District Attorney General; and Robert Harris Hassell II, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Introduction

The defendant, Jeffrey Antwon Burns, was convicted by a jury in the Williamson County Circuit Court of one count of Sale of a Counterfeit Controlled Substance after a confidential informant (CI) attempted to purchase crack cocaine from him.  See Tenn. Code Ann. § 39-17-423.  After conviction, the trial court sentenced the defendant to one and one-half years incarceration, to be served concurrently with a separate felony drug conviction.  From the instant conviction and sentence, the defendant now appeals, arguing:
(1) The evidence adduced at trial is insufficient to support his conviction; and
(2) The trial court erred in sentencing him to one and one-half years incarceration.

After careful review, we affirm both the conviction and sentence.

## Facts

While the fact situation in this case is unique, a basic outline is clear: Without a single spoken word, the defendant, in response to the CI's offer of $20, rode his bicycle to the CI's car, removed a "rock" from his mouth, placed it in the CI's hand, took the $20 bill from the CI, and then rode away. The defendant was then arrested. The "rock," although resembling crack cocaine in size, shape and color, later tested negative for any controlled substance.

## Trial Testimony

On August 8, 1997, Williamson County Sheriff's Department Detectives Barry Kincaid and Jack Frantz conducted a controlled purchase, for crack cocaine, a Schedule II controlled substance. In the controlled purchase, the detectives used a CI, unaccompanied by an officer, to make the buy. The detectives searched both the CI's person and vehicle to ensure that neither contained any controlled substance. They then equipped the CI with an audio transmitter and his truck with audio and video equipment. Finally, they issued the CI twenty dollars and followed him in their vehicle to the Natchez Street area in Franklin, Tennessee. After losing sight of the CI, the detectives pulled into a parking lot and monitored subsequent events through the audio equipment.

The CI drove down Natchez Street and saw the defendant on a bicycle, describing the defendant's clothing and the bicycle over the audio equipment. To initiate the purchase of a twenty dollar "rock" of crack cocaine, the CI held up two fingers and mouthed the word "twenty." The defendant approached the truck, nodded, pulled a "rock" from his mouth, and exchanged it for the money. Kincaid drove through the area and identified the defendant from the CI's description of the defendant's clothing and bicycle given by the CI, who later identified the defendant in a photo lineup. The defendant, who remained outside the CI's vehicle during the purchase, was not visible on the videotape.

Tennessee Bureau of Investigation (TBI) forensic scientist Glenn Everett testified that the purchased substance tested negative for controlled substances. However, Everett testified that the substance resembled crack cocaine in size, shape, and color.

After conviction for sale of a counterfeit controlled substance, the defendant then entered a guilty plea to a separate felony Schedule II controlled substance charge. At the sentencing hearing for both convictions, David Pratt, the defendant's probation officer, testified that the pre-sentence report reflected that the defendant had a juvenile record and that the defendant had been on probation for two assault convictions from the Williamson County General Sessions Court. His probation for one assault conviction had been revoked on May 7, 1997.

Pratt also testified that the defendant had told him that he had children to support and that he worked for Coke's Tree Surgery in Williamson County. Pratt also stated that the defendant told him he received his GED, but that statement had not been confirmed.[1]

The trial court applied three enhancement factors and two mitigating factors to the instant conviction. Giving minimal weight to the mitigating factors, that court imposed one and one-half years incarceration, out of a possible two-year maximum term.

The trial court denied Community Corrections because of the defendant's history of violent crimes. Probation was also denied because the trial court determined that confinement was necessary to avoid depreciating the seriousness of the offense and incarceration was particularly suited to deter others from committing the crime. The trial court further held that measures less restrictive than confinement had frequently or recently been unsuccessfully applied to the defendant, as indicated by his inability to complete probation out of General Sessions Court. Therefore, the trial court denied alternative sentencing.

## ANALYSIS

### Sufficiency of Evidence

The defendant was convicted of Sale of a Counterfeit Controlled Substance: The sale, delivery, or distribution of

> a substance which is represented to be a controlled substance and which is substantially similar in color, shape, size, and markings or lack thereof, to a [Schedule II controlled substance] . . . in order that the substance may be sold as a controlled substance.

Tenn. Code Ann. § 39-17-423(a)(3). He asserts that the evidence does not establish that he represented the article he sold as a controlled substance. When a defendant challenges the sufficiency of the evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." See Tenn. R. App. P. 13(e). In determining the sufficiency of the evidence, this Court neither reweighs nor reevaluates the evidence. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. See Liakas v. State, 286 S.W.2d 856, 859 (1956). To the contrary, this Court is required to afford the party prevailing at trial the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. See State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of facts, not this Court. Id. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), the Tennessee Supreme Court

---

[1] The defendant missed a scheduled meeting and failed to schedule another appointment. After a couple of weeks, Pratt realized that he had not seen the defendant and finally managed to contact him on the Friday prior to the hearing but was unable to complete the report's social history.

stated, "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Because a verdict of guilty removes the presumption of innocense and replaces it with a presumption of guilt, the accused has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

The evidence establishes that the CI solicited a sale from the defendant, who responded by approaching the defendant, removing an article from his mouth, and exchanging that item for the twenty dollars offered by the CI, all without uttering a sound. The crux of the issue presented is one of intent: The defendant obviously intended to sell something for twenty dollars, and, according to expert testimony, the sold item greatly resembled crack cocaine. The remaining question is, absent affirmation or representations from the defendant, whether he intended that his merchandise be understood as a controlled substance. We conclude that the jury heard sufficient proof to conclude that such was the defendant's intent.

Our jurisprudence recognizes that the mental state, a necessary factor of almost all our criminal statutes, is most often proven by circumstantial evidence, from which the trier of fact makes inferences from the attendant circumstances and from which that body weighs the circumstantial evidence. See Hall v. State, 490 S.W.2d 495, 496 (Tenn. 1973); Williams v. State, 552 S.W.2d 772, 776 (Tenn. Crim. App. 1977); see, e.g., Poag v. State, 567 S.W.2d 775, 778 (Tenn. Crim. App. 1978). In this case, the jury could certainly have inferred from the defendant's actions that he intended to sell a controlled substance. Clearly, the defendant's manner of concealment, manner of delivery and, in fact, his silence, support the proposition that he intended to sell an unlawful substance. Further, trial testimony established that the substance sold resembled crack cocaine in size, color and shape. Finally, the testimony of the experienced CI which described the actions of the defendant as well as his knowledge of similar transactions supported the inference that this transaction was intended as a drug sale. For these reasons, we conclude that sufficient evidence supported the verdict.

**Sentencing**

The defendant asserts that the trial court erred in weighing the relevant factors and in denying alternative sentencing. This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is do novo. See State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

(1) [t]he evidence, if any, received at the trial and the sentencing hearing;
(2) [t]he presentence report;
(3) [t]he principles of sentencing and arguments as to sentencing alternatives;
(4) [t]he nature and characteristics of the criminal conduct involved;
(5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and
(6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

For a reason discussed in the following analysis, we review this sentence de novo.

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessful applied to the defendant. See Tenn. Code Ann. § 40-35-103(1); see also Ashby, 823 S.W.2d at 169.

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. See Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. See Tenn. Code Ann. § 40-35-103(5).

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. See Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. See State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. See State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

### Length of Sentence

The trial court enhanced the defendant's Range I sentence from the one-year minimum to one and one-half years. That court applied three enhancement factors: (1) the defendant's previous history of criminal convictions; (2) the defendant's previous unwillingness to comply with a probated sentence; and (3) the defendant committed a delinquent act as a juvenile that would constitute a felony if committed by an adult. See Tenn. Code Ann. § 40-35-114(1), (8), (20). In mitigation, the trial court found that (1) the defendant's conduct neither caused nor

threatened serious bodily injury; and (2) the defendant lacked substantial judgment in committing the offense because of his youth. See Tenn. Code Ann. § 40-35-113(1), (6). That court gave little weight, however, to these mitigation factors.

We find no error in application of the factors. Enhancement factor (1), regarding the defendant's prior criminal history, was applicable, despite both prior assault convictions being misdemeanors. See Tenn. Code Ann. § 40-35-114(1). The defendant's unwillingness to comply with the conditions of a sentence involving release into the community was also properly applied, although he argues that no evidence established why the probation was revoked: The enhancement factor is properly applied for probation violations, regardless of the reason for the violation. See Tenn. Code Ann. § 40-35-114(8); see, e.g., State v. Anderson, 985 S.W.2d 9, 20 (Tenn. Crim. App. 1997) (applying factor (8) for previous probation violation).

Finally, the defendant was adjudicated delinquent as a juvenile for conduct that would be a felony if committed by an adult. See Tenn. Code Ann. § 40-35-114(20). The record shows that the defendant was originally charged with committing especially aggravated robbery as a juvenile. The defendant pleaded guilty to aggravated robbery and was adjudicated to be delinquent. Aggravated robbery, if committed by an adult, is a Class B felony. See Tenn. Code Ann. § 39-13-402(b). The defendant argues that applying this enhancement factor essentially penalizes him twice because his overall prior criminal history was also considered. We disagree. The defendant's conduct as an adult constituted the basis for the considered criminal history, whereas the juvenile delinquency was considered as a separate matter under the appropriate factor. See State v. Brent Brown, No. 02C01-9710-CC-00419 (Tenn. Crim. App. filed Oct. 26, 1998, at Jackson) (Enhancement factor (20) is "the exclusive factor for enhancing a sentence based on a defendant's juvenile record.").

In mitigation, the trial court found that the "defendant's criminal conduct neither caused nor threatened serious bodily injury." Tenn. Code Ann. § 40-35-113(1). The trial court also found that the "defendant, because of youth . . . , lacked substantial judgment in committing the offense." Tenn. Code Ann. § 40-35-113(6). The trial court accorded both mitigating factors minimal weight. Therefore, the trial court's identification of relevant mitigation factors favored the defendant.

The defendant asserts that his care for his children and his GED should mitigate his sentence. See Tenn. Code Ann. § 40-35-113(13) (permitting mitigation through the use of any other factor consistent with the purposes of the Sentencing Reform Act). It is the duty of every citizen of this state to care for his minor children. See State v. John Allen Chapman, No. 01C01-9604-CC-00137 (Tenn. Crim. App. filed Sept. 30, 1997, at Nashville) ("catchall factor" not applicable because "support of a dependent is by law an obligation and a duty"). But see State v. Jerry Keith Ivey, No. 03C01-9509-CR-00292 (Tenn. Crim. App. filed Dec. 3, 1996, at Knoxville) (trial court combined lack of criminal history, good employment history, and family social activity into a single mitigating factor). We find no error in the trial court's treatment of these proposed mitigating factors. See State v. Carl M. Hayes, No. 01C01-9509-CC-00293 (Tenn. Crim. App. filed Oct. 24, 1996, at Knoxville) (holding that defendant's finishing his education is not ordinarily a mitigating factor). We find no error in the length of the imposed sentence.

*Alternative Sentence*

The trial court found that incarceration was necessary to avoid depreciating the seriousness of the offense and that confinement was particularly appropriate to deter others from committing this type crime. However, a degree of deterrence is uniformly present in every case, see State v. Michael, 629 S.W.2d 13, 14-15 (Tenn. 1982); thus, a "finding of deterrence cannot be conclusory only but must be supported by proof." State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991). Since the record contains no such specific proof, we conclude that this factor was not properly applied. We nevertheless concur with the trial court's imposed sentence.

The defendant, although a Range I standard offender, does not enjoy the presumption of favorable candidacy for alternative sentencing. See Tenn. Code Ann. § 40-35-102(5), (6) (1997). At the age of twenty-one, the defendant's adult record already comprises two assault convictions. As a juvenile, he pleaded guilty to an aggravated robbery charge in which the victim was shot in the face. Additionally, the defendant violated the terms of his probation for one of the assault convictions. The defendant has shown both a "clear disregard for the laws and morals of society" and a "failure of past efforts at rehabilitation." Tenn. Code Ann. § 40-35-102(5); see also State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997) (Range II multiple offender defendant not presumed eligible for alternative sentencing where defendant had criminal history); State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996) ("in order to benefit from the presumption, the defendant cannot have a criminal history evincing either a 'clear disregard for the laws and morals of society' or 'failure of past efforts at rehabilitation'") (emphasis added).

The defendant does not receive the presumption in favor of alternative sentencing and, in the alternative, the record provides ample evidence rebutting the presumption. The trial court implicitly found that the defendant was not amenable to rehabilitation because measures less restrictive than confinement had proven unsuccessful. See Tenn. Code Ann. § 40-35-103(5); see also State v. Jeffery Russell Utley, No. 02C01-9812-CC-00385 (Tenn. Crim. App., Jackson, filed Sept. 3, 1999, at Jackson) (total confinement warranted because of defendant's failure to abide by rules and regulations of previous alternative sentences). Furthermore, considering that the defendant was incarcerated between the ages of sixteen and nineteen and was only twenty-one years old at sentencing, we conclude that the defendant also has a long history of criminal conduct. See Tenn. Code Ann. § 40-35-103(1)(A). Although the criminal conduct does not extend for a lengthy period, it does cover the defendant's complete adult life. The trial court correctly determined that the defendant was not a favorable candidate for alternative sentencing.

Specifically considering the Community Corrections program, a candidate's record must "not demonstrate a pattern of committing violent offenses." Tenn. Code Ann. § 40-36-106(a)(6). The trial court found that the defendant was not an appropriate candidate for the Community Corrections program because of his pattern of committing violent offenses. This finding is amply supported by the record: two assault convictions and a juvenile robbery in which a victim was shot in the face.

## CONCLUSION

We affirm the judgment and sentence from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE