# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 7, 2006

## STATE OF TENNESSEE v. MICHAEL BILLS

**Appeal from the Circuit Court for Madison County**
**No. 03-697     Donald H. Allen, Judge**

---

### No. W2005-01107-CCA-R3-CD  - Filed March 22, 2006

---

A Madison County Circuit Court jury convicted the defendant, Michael Bills, of one count of possession with the intent to sell one-half gram or more of cocaine, a Class B felony, and one count of possession with the intent to deliver one-half gram or more of cocaine, a Class B felony, and the trial court merged the defendant's convictions and sentenced him as a Range II, multiple offender to sixteen years in the Department of Correction.  The defendant appeals, claiming the evidence is insufficient.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

George Morton Googe, District Public Defender, and Gregory D. Gookin (on appeal) and Heather Singleton (at trial), Assistant Public Defenders, for the appellant, Michael Bills.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; James G. Woodall, District Attorney General; and Angela R. Scott and Rolf Hazlehurst, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

This case relates to a police search of the defendant's car, revealing the presence of 2.2 grams of crack cocaine.  At the trial, Jackson Police Department Officer Rolanda James testified that at approximately 2:00 a.m. on September 13, 2003, he was patrolling the area around First Street and Day Street in Jackson when he saw the defendant standing on the side of the road talking to another man.  He said the hood on the defendant's car was raised.  He said he and another patrol officer stopped to speak with the defendant.  He said the defendant told him that he was having car trouble. He said he identified the person to whom the defendant was talking as Terrion Cole.  Officer James said that he asked the defendant if he was involved in any criminal activity and that the defendant replied that he was not.  He said that he asked the defendant for permission to search the car and that

the defendant gave him permission to search. He said that during the search, he saw "a small plastic portion of a bag sticking out from the little compartment by the rearview mirror." He said the bag contained what appeared to be crack cocaine.

Officer James said that in his experience, a person who possessed cocaine for personal use normally had "way under one gram." He said, however, that a person who possessed cocaine for the purposes of selling or delivering it would have between two and six grams. Officer James said a search of the defendant's person revealed the presence of $499 and a cell phone.

On cross-examination, Officer James acknowledged that the defendant was working on his car when he arrived and began questioning him. He admitted the defendant did not appear to be doing anything illegal. Officer James said he asked for permission to search the defendant's car because the defendant was in a high crime area. Officer James admitted he did not get the defendant to sign a consent to search form. He acknowledged he did not attempt to lift fingerprints from the plastic bag containing the cocaine. Officer James acknowledged that earlier in the evening, he spoke to a man named Spencer Reeves while on patrol.

Jackson Police Department Officer Frank Yalda testified that he assisted Officer James in questioning the defendant and searching his car. Officer Yalda said he assisted by providing additional police presence but claimed he did not interview the defendant or obtain his consent to search his car. Officer Yalda said he saw Officer James find a plastic bag of what they suspected was crack cocaine.

Tennessee Bureau of Investigation Special Agent Brian Lee Eaton testified that he tested the suspected crack cocaine seized by Officer James and determined that it was crack cocaine. He said the crack cocaine weighed 2.2 grams.

The defendant called Terrion Cole who testified that he noticed Spencer Reeves, also known as "Dean," sitting inside the passenger seat of the defendant's car sometime before the police arrived. He said that when "Dean" noticed him, "Dean" quickly left the defendant's car. He said that he asked "Dean" if he knew where the defendant was and that "Dean" told him the defendant was at a club.

Mr. Cole said that later that evening, he saw "Dean" talk to a police officer and hand the police officer "some kind of paper" from his back pocket. Mr. Cole said he was standing next to the defendant, helping him fix a carburetor problem when Officers James and Yalda arrived. He said the officers ordered the defendant and him to get against the car and proceeded to frisk them. He said the officers handcuffed them and asked if they could search the car. He said Officer James opened the car door and pulled a small plastic bag out of the car "like he knowed . . . it was there." On cross-examination, Mr. Cole acknowledged having been convicted of felony evading arrest, aggravated robbery, and aggravated assault.

The defendant called Spencer Reeves who testified that he is also known as "Dean." He said he saw the defendant on the night the defendant was arrested. He said that earlier in the evening, he had helped the defendant change a flat tire. Mr. Reeves said a police officer stopped him thereafter and checked to see if he had any outstanding probation violation warrants. Mr. Reeves said he showed the officer some paperwork indicating that he was no longer on probation. Mr. Reeves said he did not talk to the police about the defendant at that time. He said he came into contact with the same officer later that evening. He said that the officer told him he suspected him of having drugs, that the officer searched him, but that the officer did not find any drugs. He said that the police told him to leave and that as he was leaving, he noticed them go and talk to the defendant and Mr. Cole. On cross-examination, Mr. Reeves said he had no personal knowledge of the drugs found in the defendant's car.

## SUFFICIENCY OF THE EVIDENCE

The defendant contends the evidence is insufficient. He claims that he was "set up," that the state failed to prove he was in possession of the crack cocaine, and that the state failed to prove he intended to sell the crack cocaine. The state claims the evidence is sufficient. We agree with the state.

Our standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). We do not reweigh the evidence; rather, we presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

In order for the state to prove the defendant guilty beyond a reasonable doubt, it had to show that the defendant was in possession of one-half gram or more of cocaine while having the intent to sell it. T.C.A. § 39-17-417(a)(4), (c)(1) (2003). Initially, we note the term "possession," as used in the statutes, embraces both actual and constructive possession. State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). "Constructive possession requires that a person knowingly have 'the power and intention at a given time to exercise dominion and control over an object, either directly or through others.'" State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981) (quoting United States v. Craig, 522 F.2d 29 (6th Cir. 1975)). In a light most favorable to the state, the evidence showed that Officer James found the crack cocaine partially concealed behind the rearview mirror inside the defendant's car. We conclude a rational juror could have found the defendant was in possession of the cocaine based upon his ability to exercise dominion and control over it.

Regarding the defendant's argument concerning intent to sell, we note the one element present in almost all criminal offenses which is most often proven by circumstantial evidence is that relating to the culpable mental state. See State v. Hall, 490 S.W.2d 495, 496 (Tenn. 1973). Other

than an accused stating his or her purpose, intent, or thinking at the relevant times, the trier of fact is left to determine the mental state by making inferences drawn from the surrounding circumstances found by it to exist. See, e.g., Poag v. State, 567 S.W.2d 775 (Tenn. Crim. App. 1978). Tennessee Code Annotated section 39-17-419 states, "It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing." With respect to this inference, our review is only to consider whether "under the facts of the case, there is no rational way the trier [of fact] could make the connection permitted by the inference" beyond a reasonable doubt. County Court of Ulster County v. Allen, 442 U.S. 140, 157, 99 S. Ct. 2213, 2225 (1979). In other words, even though circumstantial evidence is needed for one element, the standard for evidence sufficiency remains the same.

In interpreting section 39-17-419, this court has determined that many facts and circumstances exist from which a jury may properly draw an inference that an accused intended to sell or deliver controlled substances. See State v. Brown, 915 S.W.2d 3, 8 (Tenn. Crim. App. 1995) (manner of packaging of drugs and absence of drug paraphernalia may support inference of possession with intent to sell, rather than possession for personal use); State v. Matthews, 805 S.W.2d 776, 782 (Tenn. Crim. App. 1990) (finding it proper for a jury to consider "the amount and value of a controlled substance . . . to infer an intention to distribute"); see also State v. Harold Wayne Shaw, No. 01C01-9312-CR-00439, Davidson County (Tenn. Crim. App. Oct. 24, 1996) (absence of drug paraphernalia and no proof at trial of personal use supported inference and conviction). This court has also held that it is not improper for an officer to testify as to the different traits of drug users and dealers. See State v. William Aubrey Trotter, No. 01C01-9701-CR-00019, Davidson County (Tenn. Crim. App. Feb. 24, 1998).

We do not necessarily reject out of hand the contention that, standing alone, the defendant's possession of 2.2 grams of cocaine is insufficient to support an inference of an intent to sell or deliver. See, e.g., Turner v. United States, 396 U.S. 398, 423, 90 S. Ct. 642, 656 (1970) (stating that mere possession of 14.68 grams of mixture containing cocaine and sugar is "consistent with . . . possessing the cocaine not for sale but exclusively for his personal use"). However, in the light most favorable to the state, the evidence shows that the defendant had no drug paraphernalia of the type used for consumption of crack cocaine in his car; that he had $499 and a cell phone on his person; that Officer James testified that the 2.2 grams of cocaine seized from the defendant was more consistent with the amount possessed by a drug seller than by a drug user; and that no proof at trial indicated that the defendant only intended to consume the cocaine. We conclude that the evidence was sufficient for the jury to find beyond a reasonable doubt that the defendant possessed the cocaine with the intent to sell and deliver it. The defendant is not entitled to relief.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE

-4-