IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 25, 2006 Session

**STATE OF TENNESSEE v. ROSHAD ROMANIC SILER**

**Direct Appeal from the Criminal Court for Roane County
No. 12878   E. Eugene Eblen, Judge**

_____

**No.  E2005-01201-CCA-R3-CD - Filed January 3, 2007**

_____

THOMAS T. WOODALL, J., concurring in part and dissenting in part.

I concur with the majority's opinion regarding the evidentiary issue.  I dissent from the majority's opinion insofar as it finds insufficient evidence to support the convictions.

The offense of sale of a counterfeit substance as set forth in Tennessee Code Annotated section 39-17-423(a) requires proof of three essential elements: (1) that the accused sold, delivered, or distributed a substance; (2) that the accused represented the substance to be a controlled substance; (3) and that the substance sold, delivered or distributed is substantially similar to a Schedule I, II, III, or IV controlled substance it is represented to be.  A clear reading of the statute demonstrates that proof of the actual composition of the substance sold is not an essential element of the offense defined in Tennessee Code Annotated section 39-17-421(a).

Based on the videotape of the three transactions occurring on July 14, 2003, and the testimony of Detective Mynatt, Defendant was in possession of a baggie containing a white, rock-like substance.  On three separate occasions, individuals approached Defendant and exchanged what appears to be cash for a portion of the white, rock-like substance contained in the baggie.  The baggie was visible to the buyers before or during the transactions.  After handing the buyers the substance, Defendant took the buyers' cash, retied the baggie, and continued to maintain his position in Triangle Park.  Detective Mynatt testified that he had bought crack cocaine on numerous occasions in an undercover capacity, and that the substance in Defendant's baggie was substantially similar in size, composition and color to crack cocaine.  Cocaine is a Schedule II controlled substance.  *See* T.C.A. § 39-17-408(b)(4).

The fact that the substance was not sold to an undercover police officer or confidential informant in an arranged buy transaction, and thus not available for testing prior to trial, goes to the weight of the State's evidence, as does the fact that no crack cocaine was found in the first buyers' car when it was searched approximately thirty minutes after the transaction.

Defendant also contends that the lack of an audio memorialization of the transactions negates a finding that Defendant made a "representation" concerning the substance sold. A "representation" is a presentation of a fact which is made either by words or conduct. *Black's Law Dictionary* 1303 (7th ed. 1999). In a similar situation, a panel of this Court concluded that, in the absence of a verbal affirmation or representation by a defendant, the defendant's actions can support an inference that the merchandise sold was to be understood as a controlled substance. *State v. Jeffrey Antwon Burns*, No. M1999-01830-CCA-R3-CD, 2000 WL 1520261, at *3 (Tenn. Crim. App., at Nashville, Oct. 13, 2000), *perm. to appeal denied* (Tenn. Apr. 23, 2001). In *Jeffrey Antwon Burns*, a confidential informant solicited a sale of drugs from the defendant. The defendant approached the confidential informant, removed a substance from his mouth, and exchanged the substance for the twenty dollars offered by the confidential informant, all without uttering a word. *Id*.

The court observed:

> Our jurisprudence recognizes that the mental state, a necessary factor of almost all our criminal statutes, is most often proven by circumstantial evidence, from which the trier of fact makes inferences from the attendant circumstances and from which that body weighs the circumstantial evidence. *See Hall v. State*, 490 S.W.2d 495, 496 (Tenn.1973); *Williams v. State*, 552 S.W.2d 772, 776 (Tenn. Crim. App.1977); see, e.g., *Poag v. State*, 567 S.W.2d 775, 778 (Tenn. Crim. App.1978). In this case, the jury could certainly have inferred from the defendant's actions that he intended to sell a controlled substance. Clearly, the defendant's manner of concealment, manner of delivery and, in fact, his silence, support the proposition that he intended to sell an unlawful substance. Further, trial testimony established that the substance sold resembled crack cocaine in size, color and shape. Finally, the testimony of the experienced [confidential informant] which described the actions of the defendant as well as his knowledge of similar transactions supported the inference that this transaction was intended as a drug sale.

*Id*.

In the case *sub judice*, Detective Mynatt, who was experienced in drug transactions involving the sale of cocaine, testified that Defendant's actions in Triangle Park were similar to other drug transactions he had observed. The videotape clearly depicts Defendant exchanging a substance, which Detective Mynatt testified was substantially similar to crack cocaine, for what the jury could reasonably infer was cash. Detective Mynatt's testimony as well as the videotape supports an inference that Defendant intended to sell the substance in the baggie, and that the substance sold was represented to be crack cocaine.

Defendant also challenges the sufficiency of the convicting evidence because the State did not prove that the substance he sold was not crack cocaine as alleged in each count of the indictment supporting Defendant's convictions. Each count of the indictment alleges that Defendant:

did unlawfully and intentionally sell a substance, representing such to be crack cocaine, such substance being substantially similar in color, shape, size and markings or lack thereof to crack cocaine[,] a Schedule II Drug as classified in T.C.A. section 39-17-408, when, in fact such substance was not a controlled substance, in violation of T.C.A. Section 39-17-423. . . .

The language, "when, in fact such substance was not a controlled substance," is surplusage. An indictment is not defective because of the inclusion of surplusage if, after eliminating the surplusage, the offense is still sufficiently charged. *State v. Culp*, 891 S.W.2d 232, 236 (Tenn. Crim. App. 1994). Proof of the actual composition of the substance sold is not an essential element of the offense defined in Tennessee Code Annotated section 39-17-421(a). The indictment sets forth the essential elements of the offense with which Defendant was charged. Thus, the use of the language in the indictment "when, in fact such substance was not a controlled substance," cannot change the essential elements of the offense. *See State v. Witherspoon*, 769 S.W.2d 880, 884 (Tenn. Crim. App. 1988).

According, I would affirm the judgments of the trial court.

                                _____

                                THOMAS T. WOODALL, JUDGE