148

THE STATE OF OHIO *v.* SMITH.

[Cite as State v. Smith, 8 Ohio Misc. 148.]

(No. 642—Decided July 21, 1966.)

CRIMINAL ACTION: Fremont Municipal Court.

*Mr. Daniel C. Connors,* police prosecutor, for plaintiff.
*Mr. John D. Starn,* for defendant.

COOPER, J. The defendant herein is charged, by affidavit, with drag racing under Section 4511.251, Revised Code. Trial was had to the court. At the conclusion of the state's evidence the defendant moved for dismissal on the ground that there was no evidence of competition introduced by the state. Motion was overruled. Defendant proceeded with his evidence. At the close of all evidence the defendant moved for dismissal on the following grounds: (1) The statute is unconstitutional in that it involves a presumption upon a presumption. (2) The prima facie case of the state was rebutted by the direct testimony of the defendant.

Memoranda on the points have been filed and the court comes on now to determine the case.

The drag racing law, Section 4511.251, Revised Code, reads as follows:

Drag racing defined; prohibited on public highways.

(A) Drag racing is defined as the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out-distance each other or the operation of one or more vehicles over a common selected course, from the same point to the same point, wherein timing is made of the participating vehicles involving competitive accelerations or speeds. Persons rendering assistance in any manner to such competitive use of vehicles shall be equally charged as the participants. The operation of two or more vehicles side by side either at speeds in excess of prima facie lawful speeds established by divisions (A) to (G), inclusive, of Section 4511.21 of the Revised Code or rapidly accelerating from a common starting point to a speed in excess of such prima facie lawful speeds shall be prima facie evidence of drag racing.

(B) No person shall participate in a drag race as defined in division (A) of this section upon any public road, street, or highway in this state.

In order to avoid the traditional confusion between an in-

ference and a presumption, let us set forth the distinction between the two and, throughout this discussion, keep such distinction in mind.

An inference has been defined as "a mere permissible deduction which the trier of the facts may make without express direction of the law to that effect, signifying those deductions and rational conclusions which are the result of the application of the ordinary principles of logic."

A presumption, properly speaking, is a mandatory deduction resulting from a previously known and ascertained connection between the fact presumed and the fact from which the presumption is made, without the intervention of any act of reason in the individual instance.

The general rule is well established that it is competent for a legislative body to provide by statute or ordinance that certain facts shall be prima facie evidence, or presumptive evidence, of other facts, if there is a natural and rational evidentrary relation between the facts proved and those presumed. 51 A. L. R. 1139.

With this distinction firmly in mind, let us go on now to a discussion of whether, in fact, the statute in question involves a double presumption.

For the purpose of this argument let us set up a hypothetical case:

Suppose we have before us a case in which two vehicles were operating side by side at seventy miles per hour on U. S. Highway 20 east of the city of Fremont, Ohio at 2:00 a. m., a time when the established prima facie speed limit on such highway would be fifty miles per hour. Let us suppose further that it is a night upon which the moon is shedding a very bright light, that the road surface is dry, that the highway is, except for the aforementioned two vehicles and a lone police car, deserted. Let us further assume that the two vehicles, side by side are relatively new automobiles, with headlights and brakes in good working order, that each driver is young, in good health and not intoxicated. Let us further assume that all of the above is properly proven and in evidence in a case wherein one of the drivers is before the court on a charge under Section 4511.251, Revised Code. Let us further assume that the only

defense offered by the defendant is that a speed of seventy miles per hour under the existing conditions at the time was not unreasonable nor improper. Question—Would this be a defense to the charge of drag racing under Section 4511.251, Revised Code?

If such a defense will suffice to acquit a defendant charged under Section 4511.251, Revised Code, then the argument of the defense herein, that this section constitutes a presumption upon a presumption is well founded and the statute is unconstitutional.

This court holds that such a defense is not valid under Section 4511.251, Revised Code, and clearly so.

In the questioned section, the prima facie speed limits established by divisions (A) to (G) of Section 4511.21, Revised Code, are used merely as a yardstick, a measure. Under Section 4511.251, Revised Code, the Legislature has said that the prima facie speed limits for any given road is a maximum at which two vehicles can be driven side by side, or at which they can start from a common starting point and remain side by side without raising a presumption that they are drag racing.

If the statute in question said that the operation of two or more vehicles side by side at speeds in excess of prima facie lawful speeds as established by divisions (A) to (G) of Section 4511.21, Revised Code, or rapidly accelerating from a common starting point to a speed in excess of such prima facie lawful speeds, shall be prima facie evidence of *speeding and therefore* prima facie evidence of drag racing, then it would truly involve a presumption based upon a presumption. However, the statute neither says this nor purports to imply it. It merely uses the established prima facie speed limits as a point of demarcation.

The only presumption involved in the subject section of the code is this: If two or more cars are operated side by side at a speed in excess of a predetermined speed—such predetermined speed depending upon the characteristics of the street, road, or highway, and being easily ascertainable and provable—such vehicles are presumed to be drag racing.

While in the course of normal events the speed limits established by Section 4511.21, Revised Code, are prima facie or

presumptively safe limits, they are not used in that sense in Section 4511.251, Revised Code. Rather, under the latter section, and exclusively for the purpose of the latter section, they become absolute speed limits at which two or more vehicles may be operated side by side without raising a presumption of drag racing.

This court fails to see how it can be said that this presumption has no "rational connection" with the facts from which it is drawn in light of the everyday experience of drivers upon our highways and upon the streets of our cities.

Reasoning thus, we have, in Section 4511.251, Revised Code, a presumption based on two clearly ascertainable facts, i. e.:(1) Operation of two or more vehicles side by side. (2) Such previous operation at speeds in excess of a given number of miles per hour to be determined by reference to divisions (A) to (G) of Section 4511.21, Revised Code. Both of these facts are easily capable of proof under rules of evidence and are equally subject to challenge or counterproof under the same rules of evidence.

The statute clearly does not involve a presumption upon a presumption.

This court is well aware of the case of *State* v. *Schultz*, 1 Ohio Misc. 81, in which it is held that the statute in question is unconstitutional for the reason that it does involve a presumption upon a presumption. This court flatly rejects both the reasoning employed and the conclusions reached in that case.

This court fails to understand the statement in the *Schultz case*, which is unsupported by reasoning or logic, to the effect that the statute in question "sets forth an unreasonable and arbitrary standard of conduct."

How any traffic court, in an age when 50,000 persons annually are slaughtered on our highways, can say that a statute aimed at the prevention of reckless, wanton, willful misconduct of the type prohibited by Section 4511.251, Revised Code, establishes an unreasonable and arbitrary standard of conduct is beyond the ken of this court.

In the *Schultz case* the court also holds that the statute is unconstitutional for the reason that intent is a necessary element of the offense and the Legislature in setting forth the

wording with respect to a prima facie case has completely left out any question of competitiveness or intent. The court goes on to say, then, that this fact renders the affidavit, in the particular case, insufficient and the statute unconstitutional.

In the instant case, the affidivit reads as follows:

STATE AFFIDAVIT.

The State of Ohio,                    Fremont Municipal Court
Sandusky County                      Fremont, Ohio

Before me, Clarence Jones, Deputy Clerk of the Fremont Municipal Court in and for the City of Fremont, Ohio personally came Cpl. C. C. McCue who, being duly sworn, according to law, deposes and says that on or about the 28 day of May, A. D. 1966, at the County of Sandusky, aforesaid, one Robert L. Smith did unlawfully operate a 1966 Chevrolet Corvette Convertible, Ohio License XJ 1746, over and upon West State Street in the City of Fremont, Sandusky Township, at about 12:50 A. M., and did drag race with another vehicle from a point side by side at accelerating speeds in a competitive attempt to out-distance each other in excess of the prima facie lawful speed of 35 MPH, to wit: 65 MPH. Contrary to and in direct violation of section 4511.251 of the Revised Code of the State of Ohio. Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

Signed *Cpl. C. C. McCue*

Sworn to before me and subscribed before me, this 28th day of May A. D. 1966.

*Audrey L. Wensinger*
Clerk of said Municipal Court
by *Clarence Jones*
Deputy

There is, in this case, an allegation of "competitive attempt" which includes the element of intent. The affidavit in this case is not insufficient.

With regard to the failure of the legislature to specifically use the words "intent" or "competitive attempt" in the section of the statute describing a prima facie case, it must be remembered that the statute must be construed as a whole, and that the offense, and its particular elements, are defined in the opening paragraph of the section. Therefore, in any prosecu-

tion under this section, whether by way of an attempt to establish a prima facie case or by way of direct proof, all of the elements of the crime, as defined, must be proven beyond a reasonable doubt.

It must also be pointed out that the presumption involved in this statute is a rebuttable one, and certainly is not a conclusive one. Of course, a conclusive presumption of this type in a criminal statute would be absolutely unconstitutional.

The defendant also cites the case of *State* v. *Lippi*, 116 Ohio App. 123, for the proposition that "Where, in the trial of a criminal case on a charge, under Section 4511.251, Revised Code, of drag racing, a prima facie case is established by the testimony of the arresting police officer, and the defendant offers evidence specifically denying that he was drag racing, a judgment of conviction is against the manifest weight of the evidence."

It seems abundantly clear to this court that such a proposition is contrary to the law of Ohio. This court adopts the reasoning set forth in Judge Guernsey's dissenting opinion in the *Lippi case* and feels confident that that opinion is a correct statement of the law concerning the matter.

Clearly, the credibility of all witnesses in a given trial is wholly within the realm of the trier of the facts; and where two diametrically opposed stories or sides of evidence are submitted to the trier, such trier of the facts must, of necessity, believe one is more probable than the other. But to say by rule of law that one particular side is always more probable in every case than the other is absolutely absurd. If this be the case, we can replace all trial judges and juries with computers and dispense "justice" from accounting offices.

With regard to the evidence in this particular case, the relevant portions are as follows:

The arresting officer testified that he was several car lengths behind the defendant, with several cars between himself and the defendant. That defendant and another car were seen to start from two different traffic lights side by side with another automobile, at fast rates of acceleration and was observed to reach high speeds while remaining side by side, but that on these two occasions the officer was not in a position to clock the

speed of the two automobiles. That finally the officer reached a position immediately behind the defendant at a traffic light and when defendant and the other car started again side by side at a fast, tire-squealing rate, and remained side by side, the officer pursued and obtained a clock of sixty-five miles per hour in a thirty-five mile per hour zone. That the officer arrested both drivers and charged both under Section 4511.251, Revised Code, with drag racing.

The defendant's testimony consisted of a statement that he did not know the other driver, hadn't talked to him, had not verbally agreed to race with him, and, in fact, was not drag racing.

Defense counsel says that in this state of the testimony his client can not be convicted. This court says he can be.

All of the elements have been proven, including intent. Intent need not always be proven by direct evidence. *State* v. *Taylor*, 83 Ohio App. 76.

Intent is a secret in the mind of the accused and he rarely sees fit to disclose it, and since this is the case, it can only be determined in many cases from proven facts and the logical inferences which may be drawn therefrom. *State* v. *Huffman*, 131 Ohio St. 27; *State* v. *Taylor, supra.*

The question of intent in a criminal case is purely one of fact, to be determined by the trier of the facts. *State* v. *Gross*, 91 Ohio St. 161.

Likewise, the credibility of witnesses is solely for the consideration of and determination of the trier of the facts. *Atkins* v. *State*, 115 Ohio St. 542.

Having thus disposed of the objections raised by defendant, this court holds the statute in question, Section 4511.251, Revised Code, is a constitutional enactment of the Legislature; that it does not involve a presumption upon a presumption; and further holds that the state has carried its burden of proof of all of the essential elements of the crime charged; and does hereby find the defendant guilty as charged in the affidavit.

*Judgment accordingly.*