Herman HALL, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Supreme Court of Tennessee.

Feb. 5, 1973.

Samuel B. Schlanger, Nashville, for plaintiff-in-error.

David M. Pack, Atty. Gen., W. Henry Haile, Asst. Atty. Gen., Martha Craig Daughtrey and Tom P. Thompson, Jr., Asst. Dist. Attys. Gen., Nashville, for defendant-in-error.

## OPINION

HUMPHREYS, Justice.

The plaintiff-in-error, Herman Hall, was indicted for first degree burglary with intent to commit larceny. He was tried and found guilty of an attempt to commit a felony, with punishment fixed at not more than four (4) years in the penitentiary.

The Court of Criminal Appeals affirmed the judgment of the trial court. This Court granted certiorari for the purpose of stating, definitively, the effect of certain fact situations in burglary cases.

The facts pertinent to our purpose are that Hall was apprehended by a neighbor of George Williams, who saw him breaking into the Williams' residence at 1:15 A.M., September 25, 1971. The neighbor held Hall with a shotgun until the police arrived. Hall had cut the screen in the back storm door in order to open the inner wooden door. The inner wooden door, although partly open, was still held by a night latch. The neighbor testified that he saw Hall's hand and arm inside the wooden door. Hall told the neighbor that he was lost.

After a standard *Miranda* warning, the defendant told the arresting officer he chose that house because he saw no car and assumed no one was at home. When ar-

rested, Hall had in his possession a brake tool, pliers, a screwdriver, and a flashlight. Further, there was evidence of tool marks on the inner door.

The defendant contends that the State's evidence was insufficient to show the necessary intent to commit a specific crime. Gervin v. State, 212 Tenn. 653, 371 S.W. 2d 449 (1963). The question, then, is whether the intent to commit a specific crime, such as entry with intent to commit larceny, can be inferred from the circumstantial evidence in this case. There is no specific statement in our case law on this particular subject.

■■ An attempt to commit a crime requires three elements: (1) the intent to commit a specific crime; (2) an overt act; and (3) failure to consummate the intended crime. 1 Wharton, Criminal Law and Procedure, § 71 at 151–152 (1957). It is a general proposition of the criminal law, however, that "circumstantial evidence may determine . . . such facts or elements as the existence of an intent . . . ." 3 Wharton, Criminal Evidence § 980 at 467–468 (1955). In fact, intent can rarely be shown by direct proof and must, necessarily, be shown by circumstantial evidence. While our cases say that all elements of a crime can be proved by circumstantial evidence, McClary v. State, 211 Tenn. 46, 362 S.W.2d 450 (1962); Smith v. State, 205 Tenn. 502, 327 S.W.2d 308 (1959); Marable v. State, 203 Tenn. 440, 313 S.W.2d 451 (1958), we have no case directly on the effect of such facts as were proved in this case.

In State v. Morelock, 164 N.W.2d 819 (Iowa 1969), the defendants were charged with attempt to break and enter a business establishment with intent to commit larceny. The evidence showed that when apprehended the defendants were attempting to gain illegal entry into a closed business establishment, they had damaged the door and lock by employing force, and they were apprehended at a time when entry was almost effected. They had in their possession gloves, a flashlight, a screwdriver, and a crowbar. The court held that the intent to steal could be inferred from the actual breaking and entering of a building which contains things of value or from an attempt to do so. A sample of other cases so holding is as follows: People v. Nelson, 89 Ill. App.2d 84, 233 N.E.2d 64 (1967); State v. McClelland, 164 N.W.2d 189 (Iowa 1969); State v. Jones, 143 Mont. 155, 387 P.2d 913 (1963); State v. Smith, 8 Ohio Misc. 148, 221 N.E.2d 627 (1966); Hutchinson v. State, 481 S.W.2d 881 (Tex.Cr.App. 1972).

■ These and other authorities warrant us in stating as a general proposition that where one is apprehended, attempting forcibly, or with present means of force, to gain illegal entry into a residence or a building in which there is property which is the subject of larceny, a jury would be warranted in inferring, in the absence of an acceptable excuse, that the entry was made, or attempted, with intent to commit larceny.

■ A review of the evidence in the case sub judice reveals that it comes within this proposition. The defendant was attempting to gain illegal entry into a residence, the attempt was being carried on through the use of force and with the use of several tools, the outside screen door had been cut and the inner door partially opened, and the defendant was apprehended still attempting to effect entrance. We hold that the intent to steal may be inferred from the breaking and entering of a building which contains things of value or from the attempt to do so. Here, there was sufficient circumstantial evidence from which the jury could infer that intent.

The judgment of the trial court and the Court of Criminal Appeals is affirmed.

DYER, C. J., CHATTIN and McCANLESS, JJ., and WILSON, Special Judge, concurring.