**Glen Daniel PRINCE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Aug. 13, 1976.

Certiorari Denied by Supreme Court Oct. 4, 1976.

Edward Michael Ellis, Knoxville, for appellant.

R. A. Ashley, Jr., Atty. Gen., Linda Ross Butts, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., B. Rex McGee, Asst. Dist. Atty. Gen., Knoxville, for appellee.

OPINION

WALKER, Presiding Judge.

The appellant, Glen Daniel Prince, was found guilty of robbery by use of a deadly weapon and sentenced to ten years in the penitentiary. We affirm.

In this appeal in error, the appellant challenges the sufficiency of the evidence to support the jury's verdict. He specifically contends that the record shows that he did not have the intent to deprive the owner permanently of his property.

The state's evidence showed that on January 25, 1975, at about 1:30 a. m., the appellant went to Dunkin Donuts in Knoxville and remained there about an hour and one-half during which time he had coffee and doughnuts and talked with some girls. After going to the rest room he returned to the counter and ordered more doughnuts from Ms. Leigh Dettmering. When she turned to put the doughnuts in a bag, he said: "This is a stickup, give me all your money." He pointed a pistol at her and she gave him about $80. He then told her: "Give me five minutes, don't call the police or I'll be back to get you."

When the appellant walked out, Ms. Dettmering notified the night manager, Jack Smith, who found him backing his car out. Mr. Smith pulled his pistol on the appellant, stopped him and took the appellant's pistol from his coat pocket. The appellant took from his pocket the money he had taken and laid it on the counter.

After being advised of his rights, the appellant admitted the robbery. He said he sat in the shop 30 or 40 minutes and finally decided to rob the place; that he pulled a gun and robbed the girl. He was entirely sober.

Testifying in his own defense, the appellant, age 20, said that he suffers from hypoglycemia, a medical condition caused by low blood sugar which requires expensive diets. It causes him to become either very depressed or very happy. He had been suffering from a mental depression over financial affairs. He quarrelled with his wife, left home and drove to his sister's home. He asked his sister to go to a movie. When she was unable to accompany him to the movie, he took his brother-in-law's pistol, with the intention of firing it, getting arrested and being placed in jail. In his depression, he thought the only place for him was jail.

After going to the movie alone, by his testimony, the appellant went to the doughnut shop for coffee. He locked his car before going in. He says he made no effort to escape and did not want to get away; that he told Mr. Smith he had had a quarrel with his wife, didn't want to hurt anyone, and that all he wanted was to go to jail. He returned the money and sat down waiting for the police to arrive. He felt that he was worthless and needed help and therefore wanted to go to jail. According to his testimony, he had no intention of keeping the money but was in a confused state of mind and only wanted to go to jail.

The appellant's mother and father testified to the depression and nervous condition he had from the effects of his physical condition and ailment. No expert witness testified on this subject.

A number of character witnesses testified as to the appellant's good reputation for honesty and truthfulness.

■ In his contention that he did not have sufficient intent to commit armed robbery, the appellant first argues that from

his condition of hypoglycemia he did not have the capacity to form the intent to steal. Since robbery is an aggravated larceny, this intent is required.

Prince testified he wanted to go to jail. He knew the difference between right and wrong and had the capacity to commit the crime.

He next insists he was prompted by a desire to go to jail for treatment and consequently did not form an intent to *permanently* deprive the owner of his property.

■ Intent can be inferred from all the facts and circumstances. *Hall v. State*, Tenn., 490 S.W.2d 495. In this case Prince used a pistol to commit the robbery. The use of force or a firearm may be circumstantial evidence of larcenous intent. *Hall v. State*, supra.

■ Furthermore, when he left the shop Prince made a threat of violence to Ms. Dettmering if she reported the crime. Although he surrendered and returned the money when apprehended by the armed night manager, this does not necessarily indicate he had no intent to permanently deprive the owner of the money.

From these facts the jury was warranted in finding the appellant guilty of armed robbery.

Affirmed.

GALBREATH and TATUM, JJ., concur.