**STATE of Tennessee, Appellee,**

v.

**Ronald McGEE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

July 18, 1980.

Permission to Appeal Denied by Supreme Court Oct. 14, 1980.

Ray H. Ledford, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., Kimberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Jerry S. Sloan, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

DWYER, Judge.

Ronald McGee was convicted of robbery with a deadly weapon, T.C.A. § 39–3901, and of assault with the intent to commit second degree murder. He was sentenced to thirty–five years' imprisonment on the robbery charge and not less than two nor more than five years on the assault charge. He appeals as of right and argues that the evidence was insufficient and more specifically that there was no evidence of intent.

Rosie Watkins, a ninety–two year old woman, lived in an apartment in the Westside Housing Project in Chattanooga. She supported herself by selling soft drinks to neighbors. The appellant was the grandson of a friend of Mrs. Watkins' and had been a maintenance employee at the project until about a year before this crime. He regular-ly stopped by Mrs. Watkins' apartment after work to watch her television. Thus, the neighbors were unconcerned when they saw him enter Mrs. Watkins' apartment at about 2:45 p. m. on January 6, 1979. They were greatly concerned, however, when, at about 10:00 p. m., a neighbor found the elderly woman severely beaten. She sustained deep gashes on her head, cuts on her arms and one hand, and a broken finger, which injuries necessitated a month–long stay in the hospital. The victim described a partial loss of vision as a result of the beating, and a friend testified that the elderly woman was much less mentally alert than she had been before the assault.

Mrs. Watkins identified the appellant as the assailant. She said that he came to her apartment asking for money and that when she told him she did not have any, he grabbed her, hit her repeatedly with her cane, and bent her arm behind her back, threatening to kill her if she cried out. She testified that he took her grocery money which she had pinned to her slip. He tied her hands and feet and covered her with two coats, then fled.

The appellant, testifying in his own behalf, admitted robbing and assaulting this elderly lady. He explained that he was under the influence of drugs and alcohol and implied that the drugs were responsible for his heinous acts.

The appellant suggests that because of Mrs. Watkins' age and faulty memory, and because she was blind in one eye, she was an incompetent witness. He cites her inability at trial to give either her address or the current date or month. Such problems as these, however, affect only the weight and credibility of the witness' testimony, which are matters entrusted exclusively to the jury. *Byrge v. State*, 575 S.W.2d 292 (Tenn.Cr.App.1978). Their verdict shows that they have resolved the issue against the appellant, and we are not free to reevaluate the testimony of witnesses or other evidence on appeal. *State v. Grace*,

493 S.W.2d 474, 476 (Tenn.1973). This issue is overruled.

We also reject the argument that the appellant's testimony that he acted under the influence of alcohol and drugs negates the specific criminal intent required to prove these offenses. The appellant testified that he could remember events before, during, and after the assault and robbery. Further, the trial court properly charged the jury that voluntary intoxication can be a defense if the defendant is so intoxicated that he cannot form the specific intent essential to the offense. We may infer from the jury's verdict that they rejected the appellant's intoxication defense and found that he acted with the intent to commit the offenses of armed robbery and assault to murder. Since under *Hall v. State*, 490 S.W.2d 495 (Tenn.1973), such a finding may properly be made from circumstantial evidence, we hold that any rational trier of fact would have found the appellant guilty beyond a reasonable doubt. Tenn.R. App.P. 13(e).

The judgment of the trial court is affirmed.

TATUM and SCOTT, JJ., concur.