43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher A. JOHNSON, Petitioner-Appellant,
v.
STATE OF TENNESSEE; Michael Dutton, Warden; Charles W.
Burson, Respondents-Appellees.
 No. 94-5103.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1994.
 
 Before: KEITH, JONES and GUY, Circuit Judges.
 
 ORDER
 
 1
 Christopher A. Johnson, a pro se Tennessee prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Johnson in May 1987 for burglary, with intent to commit larceny. The court sentenced him to ten years of imprisonment. The Tennessee Court of Criminal Appeals affirmed Johnson's conviction. Thereafter, the trial court denied his petition for post-conviction relief. The Tennessee Court of Criminal Appeals affirmed, and the Tennessee Supreme Court denied Johnson's application for permission to appeal.
 
 
 3
 Thereafter, Johnson filed his current petition for a writ of habeas corpus. Subsequently, in an agreed order, the parties concurred that the following issues were ripe for judicial resolution: 1) whether there was sufficient evidence to support Johnson's conviction; and 2) whether Johnson's pretrial, trial and appellate counsel each rendered ineffective assistance of counsel. A magistrate judge concluded that Johnson's claims were without merit and recommended that the district court dismiss the petition. Over Johnson's objections, the district court adopted the magistrate judge's recommendation and dismissed the petition. Johnson has filed a timely appeal reasserting his same claims.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Johnson's petition as he has not shown that his trial was fundamentally unfair and that the proceedings resulted in his unjust confinement. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 5
 The prosecutor presented sufficient evidence establishing that Johnson was guilty of the charged offense as the victim testified that she found Johnson attempting to enter her home without her permission, through a previously unopened window. See Tenn.Code Ann. Sec. 39-14-402; Jackson v. Virginia, 443 U.S. 307, 319 (1979). Moreover, because Johnson did not offer an acceptable excuse, the jury properly inferred that Johnson was attempting to enter the victim's home with the intent to commit larceny. See Hall v. State, 490 S.W.2d 495, 496 (Tenn.1973). Johnson has not challenged the facts as summarized by the Tennessee Court of Criminal Appeals, and therefore we presume they are correct. See Sumner v. Mata, 455 U.S. 591, 592-93 (1982) (per curiam). In addition, Johnson received effective assistance of counsel from his pre-trial, trial and appellate counsel as he did not present evidence establishing that counsel performed deficiently, or that their performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.