IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1998 SESSION

FILED

July 1, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 02C01-9707-CR-00260 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH B. DAILEY, |
| RONNIE L. INGRAM, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Burglary) |


FOR THE APPELLANT:                    FOR THE APPELLEE:


**A C WHARTON**
Public Defender

**TONY N. BRAYTON**
Asst. Public Defender
    (On Appeal)

**DIANE THACKERY**
Asst. Public Defender
201 Poplar, Ste. 201
Memphis, TN 38103
    (At Trial)

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DOUGLAS D. HIMES**
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN  37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**TERRELL HARRIS**
Asst. District Attorney General
201 Poplar Ave., Third Fl.
Memphis, TN 38103


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was indicted, charged, and convicted of burglary and sentenced as a career offender to twelve years imprisonment. In this appeal as of right, the defendant argues the evidence was insufficient to support a conviction for burglary since the State failed to prove intent to commit theft. Finding no merit in the defendant's argument, we affirm.

Around noon on September 7, 1995, David Sugarek was at his home. He walked through his detached garage, which houses lawn tools, a ladder, and a car, and he did not notice anything unusual. Both doors to the garage were locked. Shortly thereafter, he left for a work-related service call. When he returned home at approximately 2:00 p.m., his cat was acting oddly. He went to the garage, which was dark, to investigate. While he was inside the garage, someone ran past him and exited the garage through a hole in the garage wall. The hole had not been there earlier in the day.

Mr. Sugarek chased the individual on foot for thirty to forty-five minutes, never losing sight of him. When one of Mr. Sugarek's friends saw the chase, he began pursuing the individual. Mr. Sugarek's friend eventually caught and detained the individual, whom he identified as the defendant. Mr. Sugarek also identified the defendant as the individual who had been inside his garage. Apparently nothing was taken from Mr. Sugarek's garage.

On appeal, the defendant does not dispute that he entered Mr. Sugarek's garage without permission. Rather, the defendant contends that the evidence was

2

insufficient to prove his intent to commit theft. When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "<u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978).

In the absence of an "acceptable excuse," a jury may reasonably and legitimately infer that by breaking and entering a building containing valuable property, a defendant intends to commit theft. <u>Hall v. State</u>, 490 S.W.2d 495, 496 (Tenn. 1973); <u>accord</u> <u>State v. Avery</u>, 818 S.W.2d 365 (Tenn. Crim. App. 1991); <u>Bennett v. State</u>, 530 S.W.2d 788 (Tenn. Crim. App. 1975). Although this inference has previously only been applied to pre-1989 burglary law, we see no reason not to apply this inference to the current burglary statute. <u>See</u> T.C.A. § 39-14-402.

Here, the defendant was indicted with breaking and entering with the intent to commit theft. The evidence showed that Mr. Sugarek's garage contained valuable property. The defendant admitted he entered Mr. Sugarek's garage without permission, but he offered no reason for doing so. Given these circumstances, the jury could have reasonably inferred that the defendant intended to commit theft when he broke into Mr. Sugarek's garage. <u>E.g.</u>, <u>Hall</u>, 490 S.W.2d at 496; <u>Bennett</u>, 530 S.W.2d at 790-91. Finding no reversible error, we affirm the defendant's conviction.

_____
JOHN H. PEAY, Judge

3

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
THOMAS T. WOODALL, Judge