IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 21, 2005

## STATE OF TENNESSEE v. JOHN THOMAS BINGHAM

**Direct Appeal from the Circuit Court for Bedford County**
**No. 15515  Lee Russell, Judge**

_____

**No. M2005-00162-CCA-R3-CD - Filed September 22, 2005**

_____

The defendant, John Thomas Bingham, was convicted by jury of possession of contraband (marijuana) in a penal institution, a Class C felony. The trial court sentenced the defendant to five years six months for this conviction. The trial court ordered this sentence to be served consecutively to a previously imposed sentence. On appeal, the defendant challenges the sufficiency of the convicting evidence. Based upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Andrew Jackson Dearing, III, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, John Thomas Bingham.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; W. Michael McCown, District Attorney General; and Michael D. Randles and Ann Filer, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

The proof at trial established that the defendant was an inmate at the Bedford County Jail. On December 17, 2003, after 9:00 p.m., Sergeant Robert Overstreet and other correctional officers, conducted a search of three inmates, one of whom was the defendant. The search took place in the jail's "chow hall" as the inmates were leaving from an Alcoholics Anonymous (AA) meeting. The defendant, wearing a jail-issued orange jacket, was the last inmate to be searched.

As the officers began searching the defendant, they asked him to remove his jacket. While Sergeant Overstreet searched the jacket, a pack of cigarettes fell out of the jacket onto the floor of the chow hall. Simultaneously, the officers and the defendant reached for the cigarette pack, but the defendant reached it first and quickly grabbed it off the floor. The defendant then attempted to flee

the area with the cigarette pack. While running away from the officers, the defendant removed a cigarette and attempted to eat it. By this time, however, the officers tackled the defendant to the floor and restrained him with handcuffs.

After restraining the defendant, the officers took the cigarette pack from the defendant and found two cigarettes in the pack. The officers also found a third cigarette laying under the defendant. The handcuffed defendant also noticed the third cigarette and attempted to reach it with his mouth. The cigarettes were confiscated and later submitted to the Tennessee Bureau of Investigation crime laboratory for testing. The cigarettes tested positive for marijuana.

According to the defendant's testimony, he was set-up by another inmate, Bobby Heil. The defendant stated that he and Heil had a problem in the past when Heil tried to take his fan and extension cord. Heil's attempted procurement of the defendant's possessions caused an altercation. Heil was then transferred to the jail's main facility while the defendant remained in the jail's annex area. Later on, however, the defendant and Heil reconciled their differences and were on speaking terms for about a month prior to December 17th.

The evening of December 17th, the defendant was transported from the annex to the "new jail" area in order to attend the AA meeting. As the defendant explained, a few minutes before the AA meeting, Heil approached him, stuck a pack of cigarettes in his pocket and asked him to hold it. After the AA meeting ended, the defendant observed correctional officers transporting most of the inmates back to their cell blocks. The defendant noticed Heil, as he was being ushered out of the meeting area, whisper something to one of the officers. At this time, the defendant checked the pack of cigarettes and discovered three marijuana "joints" in the pack. Realizing he was in trouble and going to be searched, the defendant stuck the cigarette pack up in the sleeve of his jacket. When the pack of cigarettes fell out of his sleeve during the search, he grabbed it, took off, and tried to eat one of the cigarettes. He was then tackled by the officers. On cross-examination, the defendant admitted that typically the only reason an inmate would ask another inmate to hold an otherwise legal pack of cigarettes was if there was something illegal inside. The defendant also admitted that he was caught with the marijuana cigarettes in his possession.

On appeal, the defendant contends that the evidence was insufficient to support his conviction for possession of contraband in a penal facility. Specifically, the defendant argues that the evidence was circumstantial and before he could be convicted of this offense based upon circumstantial evidence alone "the facts and circumstances must be so strong and cogent as to exclude every other reasonable hypotheses save the guilt of the defendant."

Our review begins with the well-established rule that once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Therefore, on appeal, the convicted defendant has the burden of demonstrating to this Court why the evidence will not support the jury's verdict. State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). To meet this burden, the defendant must establish that no "rational trier of fact" could have

found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Evans, 108 S.W.3d 231, 236 (Tenn. 2003); Tenn. R. App. P. 13(e). In contrast, the jury's verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. Carruthers, 35 S.W.3d at 558; Tuggle, 639 S.W.2d at 914. Questions concerning the credibility of the witnesses, conflicts in trial testimony, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this Court. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). We do not attempt to re-weigh or re-evaluate the evidence. State v. Reid, 91 S.W.3d 247, 277 (Tenn. 2002); Bland, 958 S.W.2d at 659. Likewise, we do not replace the jury's inferences drawn from the circumstantial evidence with our own inferences. See State v. Elkins, 102 S.W.3d 581, 582 (Tenn. 2003); Reid, 91 S.W.3d at 277.

To convict the defendant, the State was required to prove that the defendant knowingly possessed contraband such as marijuana while inside a penal institution where prisoners are quartered or under custodial supervision. See Tenn. Code Ann. § 39-16-201(a)(2). A person "acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." Id. § 39-11-302(b).

Initially, we note that the guilt of the defendant as well as any fact required to be proved may be established by direct evidence, by circumstantial evidence, or by a combination of both. See State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn.Crim.App., 1999). In fact, a criminal offense may be established exclusively by circumstantial evidence so long as the evidence excludes all other reasonable theories except that of the defendant's guilt. See State v. Crawford, 470 S.W.2d 610, 612 (1971). In addition, the weight of the circumstantial evidence is for the jury to determine and this Court may not substitute the jury's inferences drawn from the circumstantial evidence with our own inferences. See Pruitt v. State, 460 S.W.2d 385, 391 (Tenn. Crim. App. 1970).

Nonetheless, contrary to the defendant's argument in brief, the defendant's conviction was not solely based upon "highly" circumstantial evidence. Circumstantial evidence means "evidence based on inference and not on personal knowledge or observation." Black's Law Dictionary 595 (8th. ed. 2004). In the instant case, the proof at trial presented by eyewitness testimony and the defendant's own admissions established that the defendant was in possession of three cigarettes containing marijuana while he was an inmate at the Bedford County Jail. When searched by correctional officers, the defendant attempted to hide the pack of cigarettes in his jacket sleeve, but the pack fell out. The defendant grabbed the pack of cigarettes and took off running. He then opened the pack, removed a marijuana cigarette and attempted to eat it. After being restrained, the defendant again tried to reach the cigarette with his mouth. Therefore, the direct evidence, via the eyewitness testimony of the correctional officers and the defendant's own admissions, clearly established that the defendant was caught with marijuana cigarettes in his possession.

Moreover, the defendant's knowledge of his possession of marijuana is typically proven by circumstantial evidence and the inferences that can be reasonably drawn from that evidence.  See Hall v. State, 490 S.W.2d 495, 496 (Tenn. 1973).  Again, the evidence at trial established that the defendant tried to destroy the marijuana cigarettes by attempting to eat them.  In addition, the defendant admitted on cross-examination that he knew he was in possession of the marijuana cigarettes prior to the search and attempted to hide then destroy the cigarettes because he did not want to be caught with the cigarettes in his possession.  Clearly, the evidence presented at trial demonstrated the defendant's knowing mental state.  Therefore, based upon the direct and circumstantial evidence presented, we conclude that the jury could reasonably find that the defendant knowingly possessed contraband (marijuana) in a penal institution.  Accordingly, the judgment of conviction is affirmed.

_____
J.C. McLIN, JUDGE