IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 8, 2008 Session

**STATE OF TENNESSEE v. FLOYD ANTONIUS TAYLOR**

**Direct Appeal from the Circuit Court for Tipton County**
**No. 5329     Joseph H. Walker, III, Judge**

_____

**No. W2007-00749-CCA-R3-CD  - Filed April 18, 2008**

_____

The defendant, Floyd Taylor, was convicted of aggravated robbery, a Class B felony, and sentenced as a Range I, standard offender to eight years in the Department of Correction.  He argues that the evidence was insufficient to support his conviction because the State did not offer adequate proof that he intentionally or knowingly robbed the victim.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

J. Thomas Caldwell, Ripley, Tennessee, for the appellant, Floyd Antonius Taylor.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and P. Neal Oldham, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The victim, Maria Nance, testified that on October 18, 2005, she was in Tiptonville conducting a compliance audit for her employer, the State of Tennessee.  When she finished work for the day she traveled to Covington, stopping at Wal-Mart before visiting the China Gourmet to get some food.  As she was leaving the restaurant, she saw the defendant, who was wearing a red, sleeveless basketball jersey, walking toward the restaurant.  When Nance reached her car, the defendant pulled a gun on her and took her handbag from her arm.  During the altercation, she sustained a cut on her finger and ran back towards the restaurant, thinking she had been shot.  Restaurant workers called police and the victim gave them a description of the defendant.  Shortly

thereafter, Detective Pamela Ford arrived with the defendant in the back of her vehicle. The victim identified the defendant as the person who robbed her. She testified that the defendant took approximately sixty dollars in cash from her.

Covington Police Department Officer Rodney McCurrie testified that on October 18, 2005, he received a call regarding an armed robbery at the China Gourmet. He drove to the parking lot of a Factory Connection store in Covington and saw the defendant emerge from behind a dumpster at a McDonald's and walk toward him. Officer McCurrie exited his vehicle, drew his firearm, and ordered the defendant onto the ground. The defendant jumped behind a white van and threw out a pistol, which slid under the van. Officer McCurrie took the defendant into custody and discovered a piece of a gun handle in his back pants pocket and approximately sixty dollars cash in his front pants pocket. On cross-examination, Officer McCurrie testified that the pistol was empty when he recovered it.

Lee Downing was working at an Exxon station in Covington on the night of the robbery when he saw a man wearing a red jersey run through the parking lot. Later that night, Downing discovered a purse underneath a cigarette box in the parking lot and turned it over to the police.

Detective Pamela Ford of the Covington Police Department testified that after receiving a call about the robbery, she spoke with the victim and then met Officer McCurrie, who placed the defendant in her custody. She took the defendant back to China Gourmet and showed him to the victim, who identified him as the person who robbed her.

For the defense, Ann Paris, a special education teacher at Covington High School, testified that following a psychological evaluation the defendant had been diagnosed as "functionally delayed" with an intelligence quotient (IQ) score of 62. She explained that those who are classified as functionally delayed possess diminished academic ability but normal social ability. On cross-examination, Paris testified that the defendant scored in the average range for daily living skills and in the high range for socialization. She stated that he graduated from high school with a special education diploma.

The defendant's uncle, Michael Stone, testified that he had hired the defendant to help with some small jobs around his farm. He said that the defendant was unable to work absent constant supervision and would walk away from a task if left unattended. Carolyn Oliver, the defendant's mother, testified that his comprehension level was like that of a twelve- or thirteen-year-old. She said that he was a slow learner and had been enrolled in special education classes since beginning school.

The defendant testified that before the robbery he was with a group of young men, one of whom gave him a cigarette laced with cocaine. He said that he could not remember anything from the time he smoked the cigarette until he woke up in jail the next morning. He stated that he did not recall seeing the victim on the night of the robbery, pointing a gun at her, or taking her purse.

Following deliberations, the jury found the defendant guilty of aggravated robbery. The trial court sentenced him as a Range I, standard offender to eight years in the Department of Correction.

## ANALYSIS

The defendant argues that the evidence was insufficient to support his conviction because the State did not establish that he possessed the requisite culpable mental state at the time of the offense. As we understand, he argues that "he was completely unaware of what he was doing at the time he accosted [the victim]," and therefore could not be convicted of aggravated robbery. The State argues that the evidence was sufficient to support the defendant's conviction. As we will explain, we agree with the State.

Where sufficiency of the convicting evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992).

All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)).

A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Aggravated robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear, when either (a) accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon or (b) the victim suffers serious bodily injury. Tenn. Code Ann. § 39-13-402(a) (2006). "'Intentional' refers to a person who acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire to engage in the conduct or cause the result." Id. § 39-11-302(a). "'Knowing' refers to a person who acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result." Id. § 39-11-302(b).

The defendant argues that the State did not present sufficient proof at trial to permit a rational jury to find that he committed the robbery intentionally or knowingly. The element of most criminal offenses which is most often proven by circumstantial evidence is the culpable mental state. "Other than an accused stating his or her purpose, intent, or thinking at the relevant times, the trier of fact is left to determine the mental state by making inferences drawn from the surrounding circumstances found by it to exist." State v. Calvin Renard Steel, No. W2006-02032-CCA-R3-CD, 2007 WL 2872380, at *7 (Tenn. Crim. App. Oct. 2, 2007) (citation omitted). Our task is to analyze "whether 'under the facts of the case, there is no rational way the trier [of fact] could make the connection permitted by the inference' beyond a reasonable doubt." Id. (quoting County Court of Ulster County v. Allen, 442 U.S. 140, 157, 99 S. Ct. 2213, 2225 (1979)).

Viewed in the light most favorable to the State, the proof at trial showed that the victim was walking toward her car outside the China Gourmet when the defendant, wearing a red basketball jersey, aimed a gun at her and took her handbag containing approximately sixty dollars in cash from her arm. Shortly thereafter, Covington police officers observed the defendant hide behind a van in a nearby parking lot and throw a pistol underneath the van. When he was taken into custody, the defendant was in possession of the handle of a gun and approximately sixty dollars cash. Lee Downing observed a man wearing a red jersey run through the parking lot of a gas station and later found a purse underneath a cigarette box at the station.

From the foregoing evidence, the jury could have found that the defendant intentionally or knowingly robbed the victim. The defendant's use of a firearm may be considered circumstantial evidence of larcenous intent. See Prince v. State, 542 S.W.2d 842, 844 (Tenn. Crim. App. 1976). After the robbery, the defendant attempted to conceal his involvement by discarding the victim's purse and the handgun and hiding from the police. The evidence was sufficient to support the defendant's conviction.

## CONCLUSION

Based on the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE