IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 1, 2009

### STATE OF TENNESSEE v. TERRY R. CARY

**Direct Appeal from the Circuit Court for Madison County**
No. 08-389     Donald H. Allen, Judge

———

**No. W2009-00583-CCA-R3-CD  - Filed March 18, 2010**

———

The defendant, Terry Cary, was convicted by a Madison County jury of promoting the manufacture of methamphetamine, a Class D felony, and sentenced as a career offender to twelve years in the Department of Correction. On appeal, the defendant raises the single issue of sufficiency of the evidence. Following review of the record, we affirm the judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

George Morton Googe, District Public Defender, and Gregory D. Gookin, Assistant Public Defender (on appeal); and Roger A. Staton, Jackson, Tennessee (at trial), for the appellant, Terry R. Cary.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual Background

The instant crime for which the defendant stands convicted arose from his actions of buying multiple boxes of over-the-counter medications containing pseudoephedrine. Multiple witnesses testified and explained that since a change in Tennessee law, products containing pseudoephedrine are now kept behind the pharmacy counter and, in order to

purchase these products, a customer is required to produce a valid driver's license and sign for the product. These records are kept electronically at each individual store and later transmitted to a central database accessible to law enforcement.

Beth Beard, a pharmacist from Walgreens, testified that on August 15, 2006, the defendant purchased a forty-eight-count box of Wal-Act, a generic drug containing 2.88 grams of pseudoephedrine. The defendant returned to the same Walgreens on August 19, 2006, and purchased a ten-count box of Sudafed, which contained 2.4 grams of pseudoephedrine. Walton Shearin, a Wal-Mart pharmacist, testified that on August 15, 2006, the defendant purchased a twenty-count box of Equate brand medication, which contained 2.4 grams of pseudoephedrine. On August 20, 2006, the defendant again purchased a twenty-count box of medication, containing 2.4 grams of pseudoephedrine, from Wal-Mart. Finally, on August 22, 2006, the defendant went to a different Walgreens and purchased a ninety-six-count box of Wal-Phed D, which contains 2.88 grams of pseudoephedrine, according to Megan Cawthon, a certified pharmacy technician. Each witness testified that the defendant produced a driver's license issued in his name and signed for each of the purchases.

During a subsequent investigation, the defendant was interviewed by Investigators Jackie Benton of the Jackson Police Department's Narcotics Unit and Paul Moore of the Tennessee Bureau of Investigation. During the interview, the defendant acknowledged that he knew how to manufacture methamphetamine and that he knew how "many pills it took in order to produce ounces or more of" the drug. The defendant also explained to the investigators the process he used for manufacturing methamphetamine.

Based upon these facts, a Madison County grand jury returned a one-count indictment charging the defendant with promoting the manufacture of methamphetamine. Following a jury trial, the defendant was convicted as charged. After a subsequent sentencing hearing, the trial court imposed a twelve-year sentence to be served in the Department of Correction. The court denied the defendant's motion for new trial, and this timely appeal followed.

**Analysis**

On appeal, the defendant has raised the single issue of sufficiency of the evidence. Specifically, he argues that the evidence presented was insufficient to establish that the defendant "bought those [specific] boxes of pseudoephedrine with the intent to use them in manufacturing methamphetamine." In considering the issue of sufficiency of the evidence, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt so that, on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

Tennessee Code Annotated section 39-17-433 provides, in relevant part, that:

> (a) It is an offense for a person to promote methamphetamine manufacture. A person promotes methamphetamine manufacture who:
>
> > (2)     Purchases or possesses more than nine (9) grams of an immediate methamphetamine precursor with the intent to manufacture methamphetamine or delivers the precursor to another person whom they know intends to manufacture methamphetamine, or with reckless disregard of the person's intent. . . .

T.C.A. § 39-17-433(a)(2) (2006). Again, the defendant argues that no evidence was presented which established that he had the intent to manufacture methamphetamine with the boxes of pseudoephedrine he purchased in August of 2006. He contends that the only way the State was able to "tie" him to any sort of methamphetamine-related criminal activity was his statement to investigators that he was familiar with the process of how the drug is produced.

Following review of the record, we do not find the defendant's argument to be persuasive. His argument ignores that proof of intent can and usually does consist of circumstantial evidence and the inferences which can reasonably be drawn from the evidence

presented. *State v. Hall*, 490 S.W.2d 495, 496 (Tenn. 1973). The proof presented established that, in five separate transactions in an eight-day period, the defendant purchased one hundred and ninety-four over-the-counter tablets containing 12.96 grams of pseudoephedrine. Based upon the type of pill purchased, the quantity of pills purchased, and the short time period in which they were purchased, it was reasonable for a rational trier of fact to infer that the defendant was purchasing such a large quantity of pseudoephedrine with the intent to manufacture methamphetamine. That reasonable inference was only bolstered by the evidence presented that the defendant gave a statement to investigators admitting that he knew how to manufacture methamphetamine, even bragging that he could produce more than the normal amount based upon the method he employed. Based upon this evidence, we conclude that the evidence presented was more than sufficient to support the conviction.

## CONCLUSION

Based upon the foregoing, the judgment of conviction is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE