IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1999 SESSION



**FILED**

**July 8, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 02C01-9803-CC-00072 |
| | ) | |
| | ) | Fayette County |
| v. | ) | |
| | ) | Honorable Jon Kerry Blackwood, Judge |
| | ) | |
| ROBIN WATKINS, | ) | (Escape, theft of property valued between |
| | ) | $1,000 and $10,000, and violation of a |
| | ) | Habitual Motor Vehicle Offender order) |
| Appellant. | ) | |

For the Appellant:

Andrew S. Johnston
108 E. Court Square
Somerville, TN 38068

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Georgia Blythe Felner
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Elizabeth T. Rice
District Attorney General
302 E. Market Street
Somerville, TN 38068

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The defendant, Robin Watkins, appeals as of right from his conviction by a jury in the Fayette County Circuit Court for theft of property valued between one thousand and ten thousand dollars, a Class D felony; escape, a Class E felony, and violation of a Habitual Motor Vehicle Offender (HMVO) order, a Class E felony. The defendant was sentenced as a Range II, multiple offender to five years for the theft and two years for the HMVO violation, to be served concurrently, and to two years for the escape, to run consecutively, in the custody of the Department of Correction. These sentences are also consecutive to the defendant's prior sentence for an HMVO violation. The defendant contends that the evidence is insufficient to support his conviction for theft of property valued between one thousand and ten thousand dollars. Although the record does not specify that the defendant only appealed the theft conviction, the fact that the defendant has not raised an issue regarding his escape and HMVO convictions results in their affirmance. We also affirm the theft conviction.

Jack McNabb testified that on Sunday, December 15, 1996, he was working as the jailer at the Fayette County Jail. He said that the defendant impersonated a weekend prisoner who was to be released that evening and that he released the defendant just before 6:00 p.m. He said that he immediately became suspicious when the defendant left without requesting his personal property. He said that some people outside of the jail told him that the defendant had gone in the direction of an Exxon station one block away.

Kenneth Williams testified that at about 6:00 p.m. on December 15, 1996, he went into the Exxon station across the street from the jail to buy cigarettes. He said that he left his car in front of the station, and when he came out, it was gone. He stated that he did not know the defendant and that he had not given anyone permission to

2

take his car. He said that he found the car about ten minutes later, and it had been wrecked.

Mr. Williams testified that the car was a 1977 Oldsmobile Cutlass and that it had rust-colored primer on it because he was planning to get it painted. He said that he bought the car one and one-half years earlier and that it was worth one thousand one hundred dollars. He said that he bought the body of the car for two hundred dollars, and he installed a five-hundred-thirty-five-dollar motor himself. He estimated the value of his labor at two hundred fifty to three hundred dollars. He said that he had paid three hundred twenty-four dollars for a new set of tires for the car.

Jerry Jones testified that he was outside his home on December 15, 1996, when he heard a car coming around the curve at a high rate of speed. He said that the car hit a light pole and flipped over several times. He said that he walked up to the car because he recognized that it belonged to Mr. Williams but that he found the defendant in the car. He said that the defendant told him that someone was after him and asked Mr. Jones to take him to Moscow, Tennessee. He stated that the defendant was bleeding and that he did not want to move the defendant, fearing that he might make the defendant's injuries worse. He said that the defendant left the accident scene on foot and that he was not wearing shoes.

Trooper Philip Perkins of the Tennessee Highway Patrol testified that he observed the accident scene. He said that individuals at the scene told him that the defendant was the driver, but the defendant was already gone when he arrived. The defendant was convicted upon the foregoing proof.

Although the state asserts, and our review of the record reveals, that the defendant filed his notice of appeal untimely, we will review the defendant's sufficiency

3

issue on its merits in the interest of justice. See T.R.A.P. 4(a). Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Tenn. Code Ann. § 39-14-103 defines theft of property as follows:

> A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent.

The defendant contends that the record is devoid of evidence that he intended to deprive the victim of his car and that the facts instead support a finding of joyriding as opposed to theft. The law is well settled that the jury may infer a defendant's intent from the surrounding facts and circumstances. State v. Lowery, 667 S.W.2d 52, 57 (Tenn. 1984); Hall v. State, 490 S.W.2d 495, 496 (Tenn. 1973). In most cases, circumstantial evidence is the only evidence available for discerning the defendant's mens rea. See Hall, 490 S.W.2d at 496. Viewed in the light most favorable to the state, the evidence reveals that the defendant escaped from jail, took Mr. Williams' car from a nearby gas station, drove the car at a high rate of speed, wrecked the car, and then continued to flee on foot. Mr. Jones, who witnessed the accident, testified that the defendant said someone was after him. Based upon this evidence, the jury could reasonably conclude that the defendant intended to take the car as his own rather than merely to borrow it.

4

The defendant contends that the evidence is also insufficient to prove that the value of the car was greater than one thousand dollars. The defendant argues that the evidence instead supports a finding that the car was worth seven hundred thirty-five dollars, which represents the purchase price plus the cost of the engine, and that this amount does not reflect the depreciation of the car over the year and one-half that Mr. Williams owned it. "A witness may testify to the value of the witness's own property or services." Tenn. R. Evid. 701(b); see Reaves v. State, 523 S.W.2d 218, 220 (Tenn. Crim. App. 1975). Viewing the evidence in the light most favorable to the state, Mr. Williams testified that his car was worth one thousand one hundred dollars. The evidence is sufficient to support the conviction.

In consideration of the foregoing and the record as a whole, we affirm the judgments of conviction entered by the trial court.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
David G. Hayes, Judge

_____
L.T. Lafferty, Senior Judge

5